UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 22-cr-80 (DWF/DTS) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Anna Trameri Novacheck (3), | |
| Defendant. | |

## INTRODUCTION

Defendant Anna Trameri Novacheck is charged with conspiracy to make false statements in the purchase of a firearm and three counts of aiding and abetting false statements made during the purchase of a firearm. Novacheck moves to suppress the evidence obtained from the execution of a warrant authorizing the search of her apartment, where she resided with codefendant Kendarrius Keshaun Willard. Dkt. No. 87. Novacheck argues the warrant lacked probable cause because there was no nexus between the suspected criminal activity and the apartment searched. Novacheck also moves to suppress statements she made while law enforcement executed the search warrant. Dkt. No. 88. For the reasons discussed below, this Court recommends Novacheck's motions to suppress be denied.

## FINDINGS OF FACT

### A.    Background

Law enforcement began investigating co-defendant Willard in early November 2021 for illegally possessing and possibly distributing illegal firearms. Gov't Ex. 1, Weinzettel Aff. at 2. During their investigation, officers observed that Willard had posted

on social media various images of himself with multiple firearms, despite being prohibited from possessing firearms and ammunition due to a prior felony conviction for armed robbery. *Id.* at 2-3.

On November 6, 2021, officers observed Willard speeding on I-94 and making multiple unsignaled lane changes while driving a Toyota Avalon registered to Novacheck. *Id.* The Avalon had earlier been seen parked directly in front of 6941 Meadowbrook Boulevard in Saint Louis Park, the address listed on Willard's drivers' license. *Id.* Gov't Ex. 3, 7. State patrol attempted to stop Willard, but he fled, and a high-speed chase ensued. Willard and his passenger fled the scene on foot after crashing the vehicle. *Id.* Willard was arrested, and the car was subsequently searched. Police removed from the Avalon a Glock 10mm handgun, two Taurus 9mm handguns, ten rounds of 9mm ammunition, two rounds of .223 ammunition, and an Apple iPhone owned by Willard. *Id.* Police obtained a warrant to search this iPhone on December 27, 2021. Gov't Ex. 2. The searches of the Avalon and of Willard's iPhone are not the subject of Novacheck's motions to suppress.

Willard was released on bond from the Hennepin County Jail on November 10, 2021, and continued to post to his social media photos and videos of himself posing with guns. *Id.* Gov't Ex. 1 at 3. Both before and after Willard's initial arrest, law enforcement believed Willard was also utilizing a black 2019 Dodge Journey, which they had also seen parked directly in front of the Meadowbrook Boulevard address. *Id.* at 3-4, 7. In his affidavit supporting the apartment warrant at issue here, Sergeant Weinzettel testified, based on his training and experience, that finding the .223 ammunition in the

search of the Avalon without finding the rifle itself suggested Willard was in possession of the APF .223 rifle that he frequently posted on his social media.

On January 5, 2022, officers responded to a burglary on Margaret Street in Saint Paul, where a victim reported that a rifle, a scope, and several thousand dollars' worth of silver bars and trading cards were stolen. *Id.* at 4. The burglar also shot and killed the victim's dog using a 10mm handgun. *Id.;* Gov't Ex. 3 at 3*.* Home surveillance footage showed the person had identifying characteristics that matched those of co-defendant Ladarius Jaleel Snipes. *Id.* A fingerprint matching Snipes' was also recovered from the shovel used to break a window and gain access to the residence. Gov't Ex. 1 at 6. Officers obtained a warrant for Snipes' Facebook data which revealed that about an hour prior to the break in Snipes' Facebook account was accessed approximately 1.5 blocks from the scene of the Margaret Street burglary. *Id.* Snipes' Facebook location data also confirmed Snipes' account was accessed in the area near Novacheck and Willard's apartment less than two hours following the Margaret Street burglary. *Id.* at 6-7. Snipes was charged in Ramsey County with offenses related to the burglary. Gov't Ex. 2 at 4-6.

Investigators then conducted public searches on Facebook and located separate accounts that appeared to belong to Snipes and Willard. Gov't Ex. 1 at 6-7. The Facebook pages showed that these two accounts had several public communications with each other, including one on December 31, 2021 in which the Willard account posted a video "tagging" the Snipes account. *Id.* at 6. On January 7, 2022, agents obtained a warrant to search Snipes' Facebook account, which revealed 414-865-7085 as the phone number associated with Snipes' Facebook account. *Id.* The call log on

3

Willard's phone that had been seized from the Avalon involved in the high-speed chase revealed that same number was one of Willard's top callers. *Id.* This information confirmed Willard and Snipes associated with each other. *Id.*

### B. The Apartment Warrant

Based on the above information, Sergeant Weinzettel applied for a warrant to search apartment #241 at 6941 Meadowbrook Boulevard, Willard's known address, stating it was "likely that evidence of the burglary" would be found there, including "the stolen AR15 style rifle, silver bars, and valuable trading cards[.]" *Id.* at 7. A Hennepin County judge found probable cause and issued the warrant authorizing the search of apartment #241 and the black Dodge Journey Willard was believed to drive. Gov't Ex. 1 at 1. The apartment warrant authorized seizure of firearms, ammunition, firearms indicia, photographs depicting the possession of firearms, any currency or receipts relating to possession of controlled substances or firearms, controlled substances, sports trading cards, silver coins and bars, as well as clothing matching the outfit worn by the Margaret Street burglar. Gov't Ex. 1 at 1.

Officers executed the warrant on January 13, 2022, and found various gun and ammunition related items, as well as three iPhones, which Novacheck seeks to suppress. Gov't Ex. 1, Receipt, Inventory and Return; Dkt. No. 87.

In the affidavit submitted in support of the cell phone warrant, Weinzettel stated that, during the apartment search, he spoke with Novacheck. *Id.* at 3. Novacheck told him she had bought three firearms for Willard, including a 10mm handgun which she reported stolen on the day of the burglary at Willard's request. *Id.* at 3. Novacheck stated Willard had texted her a photograph of the 10mm handgun's serial number to

4

make the stolen firearm report. *Id.* Novacheck claimed all three phones found during the execution of the apartment search warrant belonged to her. *Id.* at 4. Weinzettel also asserted in his affidavit that Novacheck said she was aware Willard and Snipes burglarized homes together, and she thought Willard might have driven Snipes on January 5 to and/or from the scene of the Margaret Street burglary. *Id.* On January 14, 2022, Sergeant Weinzettel obtained a warrant to search the three iPhones seized from the apartment. Gov't Ex. 3.

## CONCLUSIONS OF LAW

### I.     Motion to Suppress Evidence

The Fourth Amendment commands that "no Warrant shall issue, but upon probable cause . . . particularly describing the place to be searched, and the persons or things to be seized." U.S. Const., amend. IV. To satisfy probable cause, "there must be evidence of a nexus between the contraband and the place to be searched . . . ." *United States v. Tellez*, 217 F.3d 547, 549-50 (8th Cir. 2000). The particularity requirement prevents general searches, a very real problem for colonists living under British rule, by "limiting the authorization to search to the specific areas and things for which there is probable cause to search . . . ." *Maryland v. Garrison*, 480 U.S. 79, 84 (1987).

A judge issuing a search warrant may consider both the supporting affidavit and "draw reasonable inferences from the totality of the circumstances" to determine whether probable cause exists. *Id.* at 944 (quoting *United States v. Alexander*, 574 F.3d 484, 490 (8th Cir. 2009); *see also United States v. Brackett*, 846 F.3d 987, 992 (8th Cir. 2017) ("law enforcement officers may make reasonable inferences in preparing affidavits in support of a warrant"). Whether probable cause to issue a search warrant

has been established is determined by considering the totality of the circumstances. *See, e.g., United States v. Mutschelknaus*, 592 F.3d 826, 828 (8th Cir. 2010).

"Probable cause exists if the warrant application and affidavit describe circumstances showing a fair probability that contraband or evidence of a crime will be found in a particular place . . . ." *United States v. Montes-Medina*, 570 F.3d 1052, 1059 (8th Cir. 2009). The nexus required as part of this probable cause analysis is "between the contraband being sought and the place to be searched[,]" not the suspect. *U.S. v. Keele*, 589 F.3d 940, 943 (8th Cir. 2009) (quoting *Tellez*, 217 F.3d at 550).

Novacheck argues evidence obtained during the search of the Meadowbrook apartment should be suppressed because probable cause did not exist for the search. Dkt. No. 104 at 4. She claims the warrant lacked probable cause because the affidavit supporting it did not establish a nexus between the burglary and the Meadowbrook apartment, where she resided with Willard. Specifically, Novacheck argues the affidavit did not establish a connection between: the apartment and Willard; codefendants Willard and Snipes; Willard and the Margaret Street burglary; and the contraband and the apartment. Dkt. No. 104 at 5-6.

Contrary to Novacheck's arguments, the affidavit established a nexus between the burglary and the Meadowbrook Boulevard apartment. Willard had been linked to illegal possession of firearms during the pre-warrant investigation through his social media posts, which depicted him posing with firearms. Officers had recovered three handguns and multiple rounds of ammunition in the Toyota Avalon, which was registered to Novacheck, that Willard had driven during the high-speed chase. The pre-warrant investigation revealed that Novacheck and Willard were in a romantic

6

relationship and that Willard and Defendant Snipes communicated with each other regularly, evidenced by the call log on Willard's phone. The affidavit stated cars registered to Novacheck and driven by Willard had been seen parked at the Meadowbrook apartment complex. The affidavit identified that 6941 Meadowbrook Boulevard apartment #241 as Willard's "known address." Gov't Ex. 1 at 7. These facts establish a connection between each codefendant and connect Novacheck and Willard to the Meadowbrook apartment.

Moreover, Facebook data revealed Snipes was near the scene of the burglary before it occurred and was near Novacheck and Willard's apartment shortly after. This data, combined with the known affiliation between Snipes and Willard, establishes reasonable suspicion that evidence from the Margaret Street burglary would be found inside the Meadowbrook apartment. Accordingly, a sufficient nexus existed between the burglary and the Meadowbrook apartment.

Finally, the apartment warrant authorized the seizure of firearms, ammunition, firearms indicia, photographs depicting the possession of firearms, any currency or receipts relating to possession of controlled substances or firearms, in addition to items stolen during the Margaret Street burglary. The affidavit contained many facts linking Willard to the possession of firearms and ammunition, including pictures he posted on social media posing with firearms and rifle ammunition recovered from the Toyota Avalon without the rifle. This establishes a nexus between the contraband and Willard's residence. Accordingly, the totality of the circumstances established a sufficient nexus between the Meadowbrook apartment, co-defendants Willard and Snipes, and the Margaret Street burglary. Therefore, the warrant was supported by probable cause.

Novacheck also argues the warrant lacked probable cause because the affidavit did not identify the current lessee of the apartment and failed to indicate Willard's drivers' license was valid. These specific details are not required to establish probable cause, nor does Novacheck cite any caselaw supporting her assertion that they are. The Eighth Circuit has made clear that officers are not required to delineate every bit of information to support probable cause; only "fair probability" is required. *U.S. v. Murillo-Salgado*, 854 F.3d 407, 418 (8th Cir. 2017). As established above, a sufficient nexus existed between the Meadowbrook apartment and the contraband identified in the warrant.

Additionally, even if the apartment warrant had not been supported by adequate probable cause, the apartment warrant was a facially valid search warrant and the officers' reliance on it was objectively reasonable. Therefore, *Leon's* good faith exception would apply to prevent the exclusion of evidence seized during the execution of the apartment warrant. *See U.S. v. Perry*, 531 F.3d 662, 665 (8th Cir. 2008).

## II.   Motion to Suppress Statements

Novacheck has also moved to suppress all statements she made during the execution of the apartment warrant, arguing these statements were obtained while she was in police custody and interrogated by police officers without first being given *Miranda* warnings. Dkt. No. 88. Novacheck did not brief this issue, and has cited nothing in the record to support her motion. *Id.* The government, in one paragraph, asserted that all statements made by Novacheck were voluntary and made in a non-custodial environment. Dkt. No. 96 at 2. Beyond this, there is no evidence in the record before the Court on this issue.

*Miranda* warnings are "required when interrogation is 'initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.'" *United States v. New*, 491 F.3d 369, 373 (8th Cir. 2007) (quoting *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)). Here, the Court is without sufficient evidence to determine whether Novacheck was in police custody at the time she made her statements, or, if so, whether law enforcement's questions constituted interrogation.

The proponent of a motion to suppress bears the burden of establishing their Fourth Amendment rights were violated. *See United States v. Kouayara*, 189 F. Supp. 3d 835, 840 (D. Minn. 2016). By failing to provide evidence to support her arguments, Novacheck has failed to meet her burden to establish her Fourth Amendment rights were violated. *Id.* Accordingly, Novacheck's motion to suppress statements should be denied.

## RECOMMENDATION

For the reasons stated above, the Court RECOMMENDS THAT:

1. Defendant's Motion to Suppress Searches and Seizures [Dkt. No. 87] be DENIED.

2. Defendant's Motion to Suppress Statements [Dkt. No. 88] be DENIED.

Dated: March 1, 2023　　　　　　　　　　　　s/David T. Schultz
　　　　　　　　　　　　　　　　　　　　　DAVID T. SCHULTZ
　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge

9

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).