UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 22-80(3) (DWF/DTS) |
| Plaintiff, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| Anna Trameri Novacheck, | |
| Defendant. | |

## INTRODUCTION

Defendant Anna Trameri Novacheck moves to suppress evidence obtained as a result of a search and seizure (Doc. No. 87) and statements that she made during and after the search (Doc. No. 88). In a Report and Recommendation ("R&R"), Magistrate Judge David T. Schultz recommended that Novacheck's motions be denied. (Doc. No. 110.) Novacheck filed an objection to the R&R (Doc. No. 113), and United States of America (the "Government") responded (Doc. No. 115). After an independent review of the record and objection, the Court adopts in part and overturns in part the Magistrate Judge's R&R. Given the Government's decision to not offer the at-issue statements at trial (Doc. No. 114), the Court sustains Novacheck's objection regarding her motion to suppress statements. The Court therefore denies Novacheck's motion to suppress statements as moot. In all other respects, the Court will adopt the R&R.

## DISCUSSION

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b).  The relevant factual and procedural background for the above-entitled matter is clearly and precisely set forth in the Magistrate Judge's R&R and is incorporated by reference.

In the R&R, the Magistrate Judge concluded that there was probable cause for the issuance of a search warrant.  Defendant Willard was linked to the illegal possession of firearms, based on his social media posts with firearms.  In addition, after a high-speed chase, officers discovered handguns and ammunition in a vehicle driven by Willard.  Moreover, Willard and Defendant Snipes communicated with each other regularly.  And Facebook data showed that Snipes went to Willard's residence—which was listed on his driver's license—shortly after a burglary.  Accordingly, the Magistrate Judge concluded that a sufficient nexus existed between the burglary, Willard, and Willard's residence at the Meadowbrook apartment.  While Novacheck argued that the warrant should have noted whether Willard's driver's license was valid and should have identified the current lessee of the apartment, Novacheck failed to cite caselaw supporting her argument.  Even without this information, the Magistrate Judge concluded that the warrant provided a fair probability that contraband, including firearms and evidence from the burglary, would be found at the Meadowbrook apartment.

Novacheck objects to the R&R.  She argues that there was not a sufficient nexus between (1) the burglary and the Meadowbrook apartment; (2) Willard and the

Meadowbrook apartment; and (3) Snipes and the Meadowbrook apartment. Novacheck also contends that the warrant lacked particularity because the warrant failed to indicate whether Willard's driver's license was valid. Finally, Novacheck argues that her motion to suppress statements should be denied as moot because the Government has agreed to not offer these statements at trial. The Government agrees that Novacheck's motion to suppress statements should be denied as moot but argues that the remainder of the R&R should be adopted.

To establish probable cause, a warrant application and affidavit must show a "fair probability" that evidence of a crime will be found in a particular place. *United States v. Montes-Medina*, 570 F.3d 1052, 1059 (8th Cir. 2009) (internal quotations and citation omitted). Based on Willard's social media posts, officers believed that Willard illegally possessed firearms and ammunition. The affidavit additionally listed evidence connecting Willard to the burglary. Facebook location data showed Snipes near Willard's residence shortly after the burglary, and Willard's phone data showed that he was in regular communication with Snipes. Considering the totality of the circumstances, the Court agrees with the Magistrate Judge that these facts tied Snipes and Willard to the Meadowbrook apartment and established a fair probability that contraband from Willard's illegal possession of firearms and the burglary would be at the apartment. Therefore, probable cause was established. Moreover, the warrant was sufficiently particular as evidence of Willard's illegal possession of firearms and evidence of the burglary were linked to both Willard himself and his residence at the Meadowbrook apartment.

Even if probable cause to issue the search warrant did not exist, the *Leon* good faith exception would apply, as the officers' reliance on the search warrant was objectively reasonable. The *Leon* good faith exception applies unless the officers were "entirely unreasonable" in believing probable cause existed. *United States v. Ross*, 487 F.3d 1120, 1122 (8th Cir. 2007) (internal quotations and citation omitted). Here, the search warrant affidavit included evidence connecting Willard to illegal firearm possession and connecting Willard to a burglary. Moreover, both the issuing judge and Magistrate Judge Schultz independently reviewed the affidavit and found sufficient indicia of probable cause to justify the search. *See id.* at 1123 (the fact that multiple judges independently reviewed the warrant application and concluded that probable cause existed "support[ed] the conclusion that the officers reasonably relied on the affidavit and warrant"). The Court concludes that the officers' reliance on the affidavit was not "entirely unreasonable" and thus the *Leon* exception applies.

Lastly, the Government has agreed to not offer the at-issue statements at trial (Doc. No. 114), so the Court will deny Novacheck's motion to suppress statements as moot.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Novacheck's objection (Doc. No. [113]) to Magistrate Judge David T. Schultz's March 1, 2023, Report and Recommendation is **SUSTAINED IN PART** and **OVERRULED IN PART** as follows: the Court sustains Novacheck's objection

4

regarding her motion to suppress statements. The Court therefore denies Novacheck's motion to suppress statements as moot. Novacheck's remaining objections are overruled.

2. Magistrate Judge David T. Schultz's March 1, 2023, Report and Recommendation (Do. No. [110]) is **ADOPTED IN PART** and **OVERTURNED IN PART** as follows: the Court denies Novacheck's motion to suppress statements as moot. In all other respects, the Court adopts the R&R.

3. Novacheck's motion to suppress evidence obtained as a result of a search and seizure (Doc. No. [87]) is **DENIED**.

4. Novacheck's motion to suppress statements (Doc. No. [88]) is **DENIED AS MOOT**.

Dated: April 24, 2023                           s/Donovan W. Frank
                                                DONOVAN W. FRANK
                                                United States District Judge